**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 15-6199**

───────────────

JOHN RUTHERFORD,

        Plaintiff - Appellant,

    v.

CORPORAL DALE ANDERS; SERGEANT MELINDA HANEY, a/k/a Sergeant Belinda; PFC DAVID EAVES,

        Defendants – Appellees,

    and

UNION COUNTY JAIL; ROBERT HINES, Administrator; D. HANEY, Assistant Administrator; OFFICER DELL MITCHELL, a/k/a Officer Dell,

        Defendants.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:11-cv-03139-DCN)

───────────────

Submitted:  April 23, 2015      Decided:  April 28, 2015

───────────────

Before SHEDD, DUNCAN, and THACKER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

John Rutherford, Appellant Pro Se. Russell W. Harter, Jr., CHAPMAN, HARTER & HARTER, PA, Greenville, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Rutherford appeals the district court's final judgment entered upon a jury verdict in favor of Appellees in his civil action pursuant to 42 U.S.C. § 1983 (2012). The record does not contain a transcript of the trial proceedings. An appellant has the burden of including in the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal. Fed. R. App. P. 10(b); 4th Cir. R. 10(c). An appellant proceeding on appeal in forma pauperis is entitled to transcripts at government expense only in certain circumstances. 28 U.S.C. § 753(f) (2012). By failing to produce a transcript or to qualify for the production of a transcript at government expense, Rutherford has waived review of the issues on appeal that depend upon the transcript to show error. Fed. R. App. P. 10(b)(2); Keller v. Prince George's Cnty., 827 F.2d 952, 954 n.1 (4th Cir. 1987).

As the record before us reveals that Rutherford did not pursue any post-verdict motions pursuant to Federal Rule of Civil Procedure 50(b) or Rule 59, he may not challenge the sufficiency of evidence supporting the jury's verdict. Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 154 (4th Cir. 2012). Accordingly, we affirm the district court's judgment and deny his pending motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED